# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01518-PSF-PAC

MDM GROUP ASSOCIATES, INC., a Delaware corporation,

    Plaintiff,

v.

RESORTQUEST INTERNATIONAL, INC., a Delaware corporation,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

This matter comes before the Court on the Parties' Stipulated Motion for Entry of Protective Order (hereafter "the Motion"). This Court after reviewing the Motion and the Court's file hereby ORDERS:

1.     This Protective Order shall apply to:

    a. Plaintiff's Bates # 6, 7, 8, 52, 55, 58, 62, 67, 70, 74, 77, 85, 86, 87, 416, 422, 462, 481, 519, 631, 642, 647, 653, 659, 663, 667, 676, 708, 714, 720, 726, 747, 754, 761, 768, 774, 780, 803, 819 and 828;

    b. Information that is confidential and implicates common law or statutory privacy and/or confidentiality or trade secret interests, specifically: (i) financial information; or (b) trade secret or other confidential research, development or commercial information, which if disclosed outside of this

  litigation would cause substantial economic harm to the competitive position of the producing party and which has not otherwise been disclosed.

  c. All such information, as defined herein in either Paragraphs 1.a. or 1.b. is referred to herein as CONFIDENTIAL DISCLOSURES.

  d. All information designated as CONFIDENTIAL DISCLOSURES must bear a legend reading "CONFIDENTIAL" on each page of the document or material that is so designated. If CONFIDENTIAL DISCLOSURES are produced in an electronic medium, such as on a CD-ROM, for example, the producing party may rely on a "CONFIDENTIAL" legend affixed to the particular medium rather than on each individual page of the document or material.

2.  CONFIDENTIAL DISCLOSURES shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except* that such information may be disclosed to:

  a. Attorneys actively working on this case;

  b. Persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial or other proceedings in this case;

  c. The parties, including their designated representatives;

  d. Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation for trial or other proceedings in this case;

  e. The Court and its employees ("Court Personnel");

    f. Stenographic reporters who are engaged in proceedings necessarily incident to this action;

    g. Deponents, potential deponents or potential witnesses, to the extent such person already had knowledge of the information contained in the CONFIDENTIAL DISCLOSURES; and

    h. Other persons by written agreement of the parties.

3. Before any information is designated as CONFIDENTIAL DISCLOSURES, counsel of record for the designating party must first review the information and make a determination, in good faith, that the documents and/ or information are 1) confidential and 2) properly fall within one of the two categories designated above. Documents and/ or information which do not meet one of the two categories may not be designated as CONFIDENTIAL DISCLOSURES.

4. A party may object to the designation of particular CONFIDENTIAL DISCLOSURES by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made.

5. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL DISCLOSURES to file an appropriate motion, within thirty (30) days after the time the notice is received, requesting that the Court determine whether the disputed information shall be treated as CONFIDENTIAL DISCLOSURES. Under the terms of this PROTECTIVE

ORDER the information should be treated as CONFIDENTIAL DISCLOSURES until the Court rules on the motion.

6. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose is designation as CONFIDENTIAL DISCLOSURES and shall not thereafter be treated as CONFIDENTIAL DISCLOSURES in accordance with this PROTECTIVE ORDER. In connection with a motion filed under the this provision, the party designating the information as CONFIDENTIAL DISCLOSURES shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL DISCLOSURES.

7. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been properly designated as CONFIDENTIAL DISCLOSURES shall be returned to the party that designated it CONFIDENTIAL DISCLOSURES, or the parties may elect to destroy CONFIDENTIAL DISCLOSURES. Counsel for each party may retain one copy of the CONFIDENTIAL DISCLOSURES for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed or utilized except upon express permission of this COURT after written notice to counsel for the party that produced the documents. The provisions of this PROTECTIVE ORDER shall survive the conclusion of this litigation and continue to bind all parties.

8. This Protective Order shall in no way alter, modify or supersede D.C.COLO.LCivR 7.2A, which states that a judicial officer may order papers or documents filed under seal only "upon motion and a showing of compelling reasons," or the procedures for sealed filings or courtroom closures under D.C.COLO.LCivR 7.2 and 7.3. Any request that CONFIDENTIAL DISCLOSURES be filed under seal must be made by proper motion. Unless filed under seal, all documents filed with the Court whether or not they have been designated CONFIDENTIAL DISCLOSURES shall become part of the judicial record, which generally, is open to inspection by the public.

9. This Protective Order will have no effect on the procedures for offering evidence at trial or other proceedings in open court when such evidence previously has been designated CONFIDENTIAL DISCLOSURES. Rather, the provisions under D.C.COLO.LCivR 7.2 control any request to close the courtroom for the purpose of offering of CONFIDENTIAL DISCLOSURES.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 2nd day of Jan, 2007.

BY THE COURT:

_____
~~Patricia A. Coan~~  O. EDWARD SCHLATTER
U.S. Magistrate Judge

5